NICHOLAS M. WAJDA (State Bar #259178)
Attorney Email Address: nick@wajdalawgroup.com
WAJDA LAW GROUP, APC
11400 West Olympic Boulevard, Suite 200M
Los Angeles, California 90064
Telephone: (310) 997-0471
Facsimile: (866) 286-8433
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN A. BENNETT,<br><br>    Plaintiff,<br><br>  v.<br><br>CKS FINANCIAL, LLC d/b/a WEBCOLLEX, LLC,<br><br>    Defendant. | Case No.  2:18-cv-01791<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes JOHN A BENNETT ("Plaintiff"), by and through his attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of CKS FINANCIAL, LLC d/b/a WEBCOLLEX, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

2. Plaintiff brings this action pursuant to the RFDCPA under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

3. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1367, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

## PARTIES

5. Plaintiff is a 58 year-old consumer residing in Nevada County, California, which is located within the Eastern District of California.

6. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

7. Defendant promotes itself as "a full-service accounts receivables management firm, CKS Financial manages portfolios above and beyond industry standards. We purchase consumer debt portfolios an offer contingency services to merchants, service providers, government entities and other organizations that extend credit to their customers or members. CKS Financial prides itself on preserving our clients' customer relationships through acts of courtesy and professionalism."[1] Defendant is a limited liability company organized under the laws of the State of Virginia with its principal place of business at 505 Independence Parkway, Suite 300, Chesapeake, VA 23320. Defendant regularly collects upon consumers located in the State of California.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

---

[1] https://www.cksfin.com/about-cks

2

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

10. Many years ago, Plaintiff received a line of credit through Prosper Funding, LLC ("Prosper"), in order to fund the purchase of household goods and services.

11. Due to financial hardship, Plaintiff fell behind on his monthly payments to Prosper, thus incurring debt ("subject consumer debt").

12. On or around June 21, 2018, Prosper charged-off the subject consumer debt in the amount of $6,197.58.

13. In addition, Prosper sold the collection rights to Defendant.

14. When Prosper charged-off the subject consumer debt it stopped sending periodic statements to Plaintiff.

15. Defendant purchased the subject consumer debt while Plaintiff was in default.

16. Defendant's collection efforts included sending a correspondence dated August 2, 2018. In that correspondence, Defendant included language which appeared as follows:

```
John Bennett
209 Wiley Ln
Grass Valley, CA 95945-7330
CKS Account ID: 1440775
Balance: $6,197.58
Original Creditor: Prosper Funding LLC            Charge-off: $6,197.58 on 06/21/2018
Original Account Number Ending In: 4397           Post Charge-Off Interest: $.00
Last Payment to Original Creditor: $245.75 on 01/21/2018   Post Charge-Off Fees: $.00
                                                  Post Charge-Off Payments: $.00
```

17. Plaintiff received the correspondence dated August 2, 2018 from Defendant and was misled as to his rights and obligations.

18. Plaintiff was misleadingly led to believe that Defendant had the lawful ability to collect interest, fees, and other costs through the inclusion of line items for post charge-off costs, when such right was waived.

19. Plaintiff spoke with Wajda regarding the correspondence resulting in pecuniary loss and expenditure of resources.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2009.[2]

25. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    **a. Violations of the FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

---

[2] https://www.acainternational.org/search#memberdirectory

4

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) through the inclusion of language mentioning interest, fees, and costs. The inclusion of this language misleadingly suggests to consumers the false possibility that Defendant could collect an amount that would be above and beyond that which was outlined as the total due on the collection correspondence. The subject consumer debt was charged-off by Prosper in the amount of $6,197.58. Upon charge-off, Prosper stopped sending Plaintiff periodic billing statements. Moreover, Defendant's letter listed a balance of $6,197.58. Accordingly, Prosper and its successors waived the right and ability to add interest and other charges. It was a legal impossibility for Defendant to add interest and other charges to the subject consumer debt at the time the correspondence was sent. Defendant purposefully included this misleading language to instill a false sense of urgency in Plaintiff so that he would feel compelled to make prompt payment.

### b. Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

31. Defendant violated §1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in the correspondence. Because Defendant was precluded from adding anything to the balance of the subject consumer debt through its waiver of the same, the above referenced portions of the correspondence violate the FDCPA.

32. As pled in paragraphs 18 through 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JOHN A. BENNETT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

33. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

34. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

35. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

36. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

37. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

38. As outlined above, through its attempts to collect upon the subject consumer debt, Defendant violated § 1788.17; and §§1692e, and f. Defendant engaged in a deceptive and unconscionable campaign to collect on the subject consumer debt after the subject consumer debt was charged off by Prosper. Defendant deceptively and unconscionably alluded that it could collect interest and other charges in its correspondence. Upon charge-off, Prosper and its successors waived the right and ability to add interest and other charges.  It was a legal impossibility for Defendant to add interest and other charges to the subject consumer debt at the time the correspondence was sent. Defendant purposefully included this misleading language to install a false sense of urgency in Plaintiff so that he would be compelled to make prompt payment.

39. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts.  Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, JOHN A. BENNETT, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: November 30, 2018                    Respectfully submitted,

|   |   |
|---|---|
| 1 | By: /s/ Nicholas M. Wajda |
| 2 | Nicholas M. Wajda<br>WAJDA LAW GROUP, APC |
| 3 | 11400 West Olympic Boulevard, Suite 200M<br>Los Angeles, California 90064 |
| 4 | Telephone: (310) 997-0471<br>Facsimile: (866) 286-8433 |
| 5 | Email: nick@wajdalawgroup.com |